IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:18-cr-091 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for Reduction in Sentence |
| John Mahoney, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Defendant John Mahoney's *pro se* Motion for Reduction in Sentence. (Doc. 54.) The Government has filed a Response in opposition. (Doc. 55.) Mahoney filed a proposed order, but he did not file a reply brief. (Doc. 56.) For the reasons that follow, the Court will **DENY** the Motion.

**I.     BACKGROUND**

On June 27, 2018, Mahoney was indicted on one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (Doc. 1.) Because Mahoney had a prior conviction in the State of Ohio for sexual battery in violation of Ohio Revised Code § 2907.03(A)(3), he would have been subject to statutory minimum sentence of fifteen years imprisonment had he been found guilty of the charge pleaded in the Indictment. *See* 18 U.S.C. § 2252A(b)(1).

Ultimately, Mahoney agreed to waive his right to an indictment and plead guilty to transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 as alleged in a Superseding Information. (Docs. 22, 26.) The Court accepted Mahoney's guilty plea on November 19, 2018. (Doc. 25.) Pursuant to the Statement of Facts to which Mahoney admitted

1

in the Plea Agreement, Mahoney engaged in the following conduct:

> On September 24, 2017, JOHN MAHONEY (MAHONEY), in the Southern District of Ohio, knowingly sent a video of child pornography to a 14 year old (Minor) residing in Indiana. MAHONEY did so by using the internet based Facebook Messenger application. MAHONEY knew the Minor was under the age of 16 and that the video he sent depicted an adult male and a six year old child engaged in oral sex. In his Facebook account, MAHONEY also knowingly possessed over 20 video links containing child pornography.

(Doc. 23 at PageID 66.) The parties agreed that the appropriate disposition was a term of imprisonment of five years, which the Court agreed to impose upon Mahoney at his sentencing hearing on August 20, 2019. (*Id.* at PageID 62; Doc. 39 at PageID 92.)

The Court originally gave Mahoney almost six months until February 3, 2020 to get his affairs in order before he self-surrendered to the Bureau of Prisons. (Doc. 39 at PageID 92.) Mahoney was age sixty-nine at the time of sentencing. His wife suffered from dementia and diabetes, and according to Mahoney, was not always compliant taking her medications. (PSR at 15.)[1] Mahoney himself was being treated for a host of medical conditions, including diabetes and high blood pressure, for which he required a lengthy list of daily medications. (*Id.* at 17–18.) He had a history of strokes and a Parkinson's Disease diagnosis. (*Id.* at 16.) Mahoney also had been diagnosed with mental health conditions, and he admitted to cutting his arms and wrists. (*Id.* at 18.) The Court extended Mahoney's self-surrender date several times due to Mahoney's high risk of severe illness if he contracted COVID-19 and his caretaking obligations for his wife. (Docs. 44, 46, 50.) In July 2020, Mahoney was hospitalized and placed in a medically-induced coma. (Doc. 49.) He emerged from sedation several weeks later and then treated at a rehabilitation facility for partial paralysis and cognitive impairments sustained as a result of his illness. (Doc. 51 at PageID 122–123.) Mahoney ultimately reported to the Bureau

---

[1] The Presentence Report ("PSR") prepared in this case was provided to the Court and to the parties, but it was not filed publicly.

of Prisons in February 2021 to begin serving his sentence.

Mahoney, now age 73, is currently incarcerated at FMC Lexington. His estimated release date is May 25, 2025. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 6/12/2023).

Mahoney now has filed a Motion for Reduction in Sentence. He requests home confinement for the remainder of his sentence. (Doc. 54 at PageID 130.) The Government interprets his Motion as one for compassionate release, and it opposes the Motion. (Doc. 55 at PageID 139.)

## II. STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with

3

> or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Where, as is the case here, the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* Nonetheless, the Sixth Circuit recognizes two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.* at 562; *see also United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (*en banc*) (resolving intra-Circuit split on the non-retroactive changes in law issue). More generally, the Sixth Circuit has emphasized that extraordinary and compelling reasons must be "unusual, rare,

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

4

and forceful" as opposed to "ordinary and routine."  *McCall*, 56 F.4th at 1055.

The § 3553(a) factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct.  18 U.S.C. § 3553(a).  These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate.  *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).  Also, district courts can consider the nonretroactive changes in law relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors.  *Hunter*, 12 F.4th at 568–569.  District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors.  *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

Mahoney specifically requests to be transferred to home confinement.  However, § 3582(c)(1)(A) does not provide authority for the Court to place Mahoney, or any inmate, in home confinement.  Rather, "[t]he [Bureau of Prisons], not the court, is responsible for designating the place of a prisoner's imprisonment."  *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)).  It follows that "the authority to grant home confinement remains solely with the Attorney General and the [Bureau of Prisons]." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (citing 18 U.S.C. § 3624(c)(2) and Pub. L. No. 116-136, 134 Stat. 281 (2020)).  Also, "the decision to transfer an inmate to home confinement is a matter within the sole discretion of [the Bureau of Prisons], *see* 18 U.S.C. § 3624(c)(2), and is not subject to judicial review under the

Administrative Procedure Act, *see* 18 U.S.C. § 3625." *United States v. McWherter*, No. 15-20040, 2020 WL 6469936, at *2 (E.D. Mich. Nov. 3, 2020). Accordingly, the Court lacks authority to grant Mahoney's request to be transferred to home confinement.

The Court also will consider whether Mahoney is entitled to compassionate release because that is the remedy that Mahoney sought from the warden as part of the administrative exhaustion process. (Doc. 54 at PageID 131, 134.) Mahoney seeks compassionate release on two bases: (1) his host of personal medical problems and (2) his desire to care for his wife who is medically unable to care for herself. In some circumstances, these factors might constitute extraordinary and compelling circumstances under § 3582(c)(1)(A)(i). However, the Sixth Circuit has instructed that facts that existed at the time of sentencing cannot later be the extraordinary and compelling grounds for compassionate release. *Hunter*, 12 F.4th at 562. The Court was aware at the time of sentencing that Mahoney was sixty-nine years old and had serious medical problems requiring close medical supervision. (PSR at 15–17.) The Court recommended that he be placed at FMC Lexington because of his medical problems. (Doc. 39 at PageID 92.) The Court also was aware that his wife suffered from dementia and was unable to care for herself. (PSR at 15.) Both Mahoney's medical problems and the need to find a caregiver for his wife were discussed at the sentencing hearing. These difficult circumstances do not constitute extraordinary and compelling circumstances for compassionate release in the circumstances of this case.

Moreover, the § 3553 sentencing factors weigh against compassionate release even if extraordinary and compelling circumstances existed. Mahoney pleaded guilty to sending a pornography video—a video involving the abuse of a six-year child—to another minor under the age of sixteen. He admitted that he possessed more than twenty video links containing child

6

pornography. (Doc. 23 at PageID 66.) Investigators determined that Mahoney had sent and received child pornography videos from other individuals as well. (PSR at 10.) Mahoney, a victim of sexual assault himself when he was a young adult, also had a prior history of committing sexually-related offenses. Most significantly, he was convicted of a public indecency sex act at the age of thirty-nine and two counts of sexual battery at the age of forty-six. (PSR at 12.) The Court finds that the nature of the offense and Mahoney's personal history weigh against compassionate release.

The Court also finds that Mahoney is at risk for recidivism if he is granted compassionate release. Mahoney's advanced age does not warrant the conclusion that he is at lower risk to recidivate. He committed the crime for which is incarcerated when he was over the age of sixty-five and in poor health. He is no less physically able to commit the internet-based crimes today than he was when he was sentenced. The need to protect the public from further crimes of the defendant factor weighs in favor of denying compassionate release.

Finally, the recommended guideline range for the crime for which Mahoney pleaded guilty was 120 months. (Doc. 40 at PageID 98.) The parties agreed to recommend a sentence of sixty months, which this Court imposed. (Doc. 23 at PageID 62.) The Court finds that the guideline sentencing range and the need for the sentence to reflect the seriousness of the offense both weigh in favor of denying compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Defendant John Mahoney's *pro se* Motion for Reduction in Sentence (Doc. 54) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge